UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO V. GONZOLEZ,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>SULLIVAN, Warden, et al.,<br><br>　　　　　　　　　　Respondents. | Case No.: 18cv2007-JAH (BGS)<br><br>**ORDER DISMISSING PETITION AND NOTICE REGARDING OPTIONS TO AVOID FUTURE DISMISSAL FOR FAILURE TO EXHAUST STATE COURT REMEDIES** |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254, but has failed to pay the filing fee or file a motion to proceed in forma pauperis. (ECF No. 1.) The Petition is therefore subject to dismissal for failure to satisfy the filing fee requirement. In addition, because Petitioner has not alleged exhaustion of state court remedies as to any claim presented, the Petition remains subject to dismissal on that basis even if Petitioner satisfies the filing fee requirement. The Court will therefore notify Petitioner of the options available to him to avoid a future dismissal of this action on that basis.

## **FILING FEE REQUIREMENT**

Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. See Rule 3(a), 28 U.S.C. foll. § 2254.

1

**FAILURE TO EXHAUST STATE COURT REMEDIES**

Generally, applications for writs of habeas corpus which contain unexhausted claims must be dismissed. Rose v. Lundy, 455 U.S. 509, 522 (1982). The exhaustion requirement is satisfied by providing the state courts with a "fair opportunity" to rule on Petitioner's constitutional claims. Anderson v. Harless, 459 U.S. 4, 6 (1982). In most instances, a claim is exhausted once it is presented to a state's highest court, either on direct appeal or through state collateral proceedings. See Sandgathe v. Maass, 314 F.3d 371, 376 (9th Cir. 2002). The constitutional claim raised in the federal proceedings must be the same as that raised in the state proceedings. Id.

Petitioner states that he did not raise any of the claims presented here in the California Supreme Court. (Pet., ECF No. 1 at 6-9.) Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies as to any claim presented in the Petition.

**NOTICE REGARDING POSSIBLE FUTURE DISMISSAL OF PETITION**

The Court hereby notifies Petitioner of his options to avoid the possible future dismissal of his Petition for failing to allege exhaustion of state court remedies if and when he satisfies the filing fee requirement.

**i) First Option: Allege Exhaustion**

Petitioner may allege he has in fact exhausted state court remedies as to his claims.

**ii) Second Option: Voluntarily Dismiss the Petition**

Petitioner may move to voluntarily dismiss his entire federal petition and return to state court to exhaust his unexhausted claims. He may then file a new federal petition containing only exhausted claims. See Rose v. Lundy, 455 U.S. 509, 510, 520-21 (stating that a petitioner who files a mixed petition may dismiss his petition to "return[] to state

court to exhaust his claims"). Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations. Ordinarily, a petitioner has one year from when his conviction became final to file his federal petition, unless he can show that statutory or equitable "tolling" applies. Duncan v. Walker, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).[1] The statute of limitations does not run while a properly filed state habeas corpus petition is pending in state court. 28 U.S.C. § 2244(d)(2); see Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999) ("[W]e hold that the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."), overruled in part by Carey v. Saffold, 536 U.S. 214, 225-26 (2002) (holding that if a petitioner unreasonably delays filing a habeas petition in a higher California court after a denial in a lower court, he is not entitled

---

[1] 28 U.S.C. § 2244 (d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
 (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

to statutory tolling during the gap between those petitions); but see Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."); Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under consideration by the state court, and therefore does not toll the statute of limitations), as amended 439 F.3d 993. However, absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending. Duncan, 533 U.S. at 181-82.

### iii) Third Option: File a Motion to Stay the Federal Proceedings

Petitioner may file a motion to stay this federal proceeding while he returns to state court to exhaust his unexhausted claims. He must show there are arguably meritorious claim(s) which he wishes to return to state court to exhaust, that he is diligently pursuing his state court remedies with respect to the claim(s), and that good cause exists for his failure to timely exhaust his state court remedies. Rhines v. Webber, 544 U.S. 269, 277-78 (2005); Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) (holding that the Rhines stay and abeyance procedure is available for petitions which contain only unexhausted claims).

## CONCLUSION AND ORDER

Based on the foregoing, the Court **DISMISSES** the Petition without prejudice for failure to satisfy the filing fee requirement, and **NOTIFIES** Petitioner that even if he satisfies the filing fee requirement this action is subject to dismissal without prejudice for failure to allege exhaustion of state judicial remedies. If Petitioner wishes to proceed with

///
///
///
///
///

1
2  this action, he must either pay the $5.00 filing fee or file a motion to proceed in forma
3  pauperis **and** notify the Court of which option he chooses **no later than September 17,**
4  **2018**.
5      **IT IS SO ORDERED**.
6  DATED: September 4, 2018

                                       Hon. John A. Houston
                                       United States District Judge